FILED
IN CLERKS OFFICE

2024 JUL -2 PM 4:27

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.  24cr10193 |
| v. | Violation: |
| JEFFREY MACEACHRON, | Count One: Health Care Fraud (18 U.S.C. §§ 1347, 2) |
| Defendant | Forfeiture Allegation: (18 U.S.C. § 982(a)(7)) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1.  Defendant, JEFFREY MACEACHRON ("MACEACHRON"), was the owner of PT4U, Inc., a business that operated physical therapy clinics (collectively "PT4U's Clinics") located in Bedford and Lexington, Massachusetts.

2.  TRICARE was a health care program administered by the Defense Health Agency in the Department of Defense. 10 U.S.C. §§ 1071-1110b. TRICARE provided health care insurance for active-duty military personnel, military retirees, and military dependents. Eligible beneficiaries included all branches of the Uniformed Services. Medical providers seeking reimbursement from TRICARE were required to comply with TRICARE's anti-fraud and abuse provisions and had a duty to familiarize themselves with program requirements. 32 C.F.R. § 199.9(a)(4). TRICARE benefits were authorized by congressional legislation incorporated in Chapter 55 of Title 10, United States Code, and administered by the Secretary of Defense in Title

32, Code of Federal Regulations, Part 199 (32 CFR 199). TRICARE was a "health care benefit program" as defined by 18 U.S.C. §24(b).

3. TRICARE would only reimburse for services that were actually provided and were medically reasonable and necessary, and TRICARE required complete and proper documentation of the services rendered to the beneficiaries. After providing services, a physical therapy services provider enrolled in the TRICARE program was able to file claims with TRICARE to obtain reimbursement for services provided to beneficiaries. A TRICARE claim was required to set forth, among other details, the beneficiary's name and identification, the services performed by a physical therapist or other provider for the beneficiary, the date services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who ordered the services. Each time a provider submitted a claim to TRICARE, the provider certified that the claim was true, correct and complete, and that it complied with all TRICARE laws and regulations. The provider generally submitted the claims electronically.

4. Insurance companies US Family Health Plan (administered by Tufts Health Plan), Harvard Pilgrim Healthcare, and Blue Cross/Blue Shield (collectively, "the Insurance Companies"), were health care benefit programs as defined by 18 U.S.C. §24(b). PT4U's Clinics provided physical therapy to patients, and these services were typically paid for by TRICARE and the Insurance Companies (collectively, "the Insurance Programs").

### Scheme to Defraud the Insurance Programs

5. Beginning no later than in or about 2013 and continuing through at least in or about 2021, MACEACHRON devised a scheme and artifice to defraud the Insurance Programs

by obtaining money and property owned by or under the custody of the Insurance Programs through false and fraudulent pretenses, representations, and promises, in connection with the delivery of, and payment for, health care benefits and services.

6. In particular, MACEACHRON defrauded the Insurance Programs by submitting bills and receiving payments for false and fraudulent physical therapy claims, including claims for physical therapy services in excess of those actually rendered by PT4U physical therapists. For example:

   a. On or about March 8, 2019, MACEACHRON edited an electronically populated claim form pertaining to physical therapy provided to Patient 1 on or about March 6, 2019 so that the claim form falsely represented that Patient 1 received four units of treatment on March 6, 2019, when, as MACEACHRON well knew, Patient 1 had only received two units of therapy on that date. MACEACHRON then caused the false claim form to be submitted to TRICARE for payment.

   b. On or about May 6, 2019, MACEACHRON edited an electronically populated claim form pertaining to physical therapy provided to Patient 3 on or about April 23, 2019 so that the claim form falsely represented that Patient 3 received four units of treatment on April 23, 2019, when, as MACEACHRON well knew, Patient 3 had only received two units of therapy on that date. MACEACHRON then caused the false claim form to be submitted to TRICARE for payment.

    c. On or about May 9, 2019, MACEACHRON edited an electronically populated claim form pertaining to physical therapy provided to Patient 3 on or about May 6, 2019 so that the claim form falsely represented that Patient 3 received three units of treatment on April 23, 2019, when, as MACEACHRON well knew, Patient 3 had only received one unit of therapy on that date. MACEACHRON then caused the false claim form to be submitted to TRICARE for payment.

<u>COUNT ONE</u>
Health Care Fraud; Aiding and Abetting
(18 U.S.C. §§ 1347, 2)

The Acting United States Attorney charges:

7. The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1 through 6 of this Information.

8. From in or about 2013, through in or about 2021, in the District of Massachusetts, the defendant,

JEFFREY MACEACHRON,

knowingly and willfully executed a scheme and artifice to defraud health care benefit programs, as defined in Title 18, United States Code, Section 24(b), that is, TRICARE, US Family Health Plan (administered by Tufts Health Plan), Harvard Pilgrim Healthcare, and Blue Cross/Blue Shield, to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of such health care benefit programs, in connection with the delivery of and payment for the health care benefits, items, and services.

All in violation of Title 18, United State Code, Sections 1347 and 2.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(7))

The Acting United States Attorney further alleges:

9. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1347, set forth in Count One, the defendant,

### JEFFREY MACEACHRON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. $335,098, to be entered in the form of a forfeiture money judgment.

10. If any of the property described in Paragraph 9, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(7), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property described in Paragraph 9 above.

All pursuant to Title 18, United States Code, Section 982(a)(7).

                                      Respectfully submitted,
                                      JOSHUA S. LEVY
                                      ACTING UNITED STATES ATTORNEY

By:   /s/ James D. Herbert
       James D. Herbert
       Christopher Looney
       Assistant United States Attorneys